UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BOTTOMS FARM PARTNERSHIP; BELL FAMILY PARTNERSHIP; BELL PLANTING CO.; AND NEZ FARMS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. |

## COMPLAINT FOR REVIEW OF AGENCY ACTION, DECLARATORY JUDGEMENT AND OTHER RELIEF

COME NOW Plaintiffs, by and through their attorneys, Behr, McCarter & Potter, P.C., and Ramsay, Bridgforth, Robinson and Raley LLP, and for their action against the Defendants allege as follows:

1. This is an action for judicial review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, for declaratory judgment and injunctive relief arising from administrative determinations issued by the Federal Crop Insurance Corporation ("FCIC") and the Risk Management Agency ("RMA"). The administrative determinations that are the subject of this action consist of an interpretation of the Rice Special Provisions for the 2012 and succeeding crop years in Stoddard County, Missouri, issued by the FCIC dated December 17, 2014, and the denial of a request for administrative review issued by the RMA dated February 2, 2015.

2.    Plaintiffs seek a declaratory judgment that the adverse determinations issued by the FCIC and RMA were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; were contrary to constitutional right, power, privilege, or immunity; were in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; were without observance of procedure required by law; and were unwarranted by the facts contained in the record before the Defendants. Plaintiffs further seek an order directing that the adverse determinations of FCIC and RMA be set aside pursuant to the judicial review provisions of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* (2003) and that Defendants be enjoined from taking any action inconsistent with the judgment of this Court.

## THE PARTIES

3.    Plaintiff, Bottoms Farm Partnership is a Missouri general partnership conducting farming operations on land situated in Stoddard County, Missouri. Such farming operations took place in 2012, and years prior and subsequent thereto.

4.    Plaintiff, Bell Family Partnership is a Missouri general partnership conducting farming operations on land situated in Stoddard County, Missouri. Such farming operations took place in 2012, and years prior and subsequent thereto.

5.    Plaintiff, Bell Planting Co., is a Missouri general partnership conducting farming operations on land situated in Stoddard County, Missouri. Such farming operations took place in 2012, and years prior and subsequent thereto.

6.    Plaintiff, NEZ, Inc., in a Missouri corporation conducting farming operations on land situated in Stoddard County, Missouri. Such farming operations took place in 2012, and years prior and subsequent thereto.

7. Defendant United States Department of Agriculture ("USDA") is a department of the United States Federal government and is the parent agency of Defendant RMA, which in turn administers Defendant FCIC, a wholly government-owned corporation created under the Federal Crop Insurance Act, 7 U.S.C. §1501, *et. seq.*

## JURISDICTION AND VENUE

8. Plaintiffs' cause of action arises from Defendant FCIC's adverse response to a request for an interpretation of certain provisions of crop insurance policies purchased by the Plaintiffs and, further, from Defendant RMA's adverse response to a request for administrative review submitted by the Plaintiffs.

9. Plaintiffs administrative remedies were fully exhausted as of March 12, 2015, when Defendant USDA's National Appeals Division, by and through its Deputy Director James T. Murray, determined that the interpretations made by Defendant FCIC and Defendant RMA were matters of general applicability and, therefore, were not subject to further administrative review within USDA's National Appeals Division pursuant to 7 C.F.R. §768(g), 7 C.F.R. §400.96, and 7 C.F.R. §11.6(a).

10. This Court has jurisdiction over the subject matter of this action by virtue of 5 U.S.C. §701, *et seq.*; 7 U.S.C. §1506(d); 7 U.S.C. §6999; 28 U.S.C. §1331; and 28 U.S.C. §2201. Sovereign immunity has been waived by 5 U.S.C. §702 and by 7 U.S.C. §6999.

11. Venue is proper in this district court pursuant to 28 U.S.C. §1391(e) and 7 U.S.C. §1506(d).

## FACTS

12. In 2012, Plaintiffs each conducted separate farming operations in Stoddard County, Missouri, and each of the Plaintiffs was engaged in the production of rice.

13. In 2012, each of the Plaintiffs purchased federally reinsured policies of Multi-Peril Crop Insurance ("MPCI") that provided revenue protection coverage for their 2012 rice crop from Rural Community Insurance Services ("RCIS"). RCIS is an approved insurance provider authorized to offer crop insurance policies reinsured by FCIC under the provisions of the Federal Crop Insurance Act, 7 U.S.C. §1501 *et seq.* Specifically, RCIS issued MPCI Policy No. MO-951-747526 to Plaintiff Bottoms Farm Partnership; MPCI Policy No. MO-951-747542 to Plaintiff Bell Family Partnership; MPCI Policy No. MO-951-747525 to Plaintiff Bell Planting Co.; and, MPCI Policy No. MO-951-101445 to Plaintiff NEZ, Inc., (collectively referred to as the "MPCI Policies").

14. The MPCI Policies consist of the Common Crop Insurance Policy, published in the Code of Federal Regulations at 7 C.F.R. §457.8, (the "Basic Provisions"); the Rice Crop Provisions, published in the Code of Federal Regulations at 7 C.F.R. §457.141, (the "Rice Crop Provisions"); and, the Rice Special Provisions for the 2012 and succeeding crop years in Stoddard County, Missouri, which are not published in the Code of Federal Regulations, (the "Rice Special Provisions"). A copy of the Basic Provisions, the Rice Crop Provisions, and the Special Rice Provisions are attached hereto as Exhibit "A".

15. Following the planting of their 2012 rice crops, a number of the farms on which the Plaintiffs planted rice received excessive rainfall resulting in substantial damage to the Plaintiffs' rice crops.

16. In accordance with the terms of the MPCI Policies, each of the Plaintiffs notified RCIS of their claims. RCIS sent an adjuster to inspect each of the Plaintiffs' rice crops.

17.     On or about July 3, 2013, RCIS notified each of the Plaintiffs that their claims were being denied. In the denial letters, RCIS referenced the Rice Special Provisions which provided, in part:

> In addition to the definition of Planted Acreage specified in section 1 of the Crop Provisions, the following must have occurred immediately following seeding. If these activities have not occurred, the acreage will be considered "acreage seeded in any other manner" and will not be insurable:
> 1. Levees are surveyed and constructed;
> 2. Levee gates are installed and butted; and,
> 3. The irrigation pump is operable, ready to be started in the event sufficient rainfall has not been received, and turned on to provide sufficient water for the purposes of germination or elimination of soil crusting.

Copies of the denial letters sent to the Plaintiffs are attached as Exhibits B-1, B-2, B-3, and B-4, and are incorporated herein by reference as though set forth word for word.

18.     On or about March 26, 2014, each of the Plaintiffs and RCIS entered into policy-mandated arbitration pursuant to RMA Managers Bulletin No. MGR-12-003.1 and Section 20(a) of the Basic Provisions. The arbitration proceedings have been consolidated and are being held in abeyance pending the resolution of the issue presented in this action.

19.     During the pre-hearing stage of the arbitration proceeding, counsel for RCIS stated that she was of the opinion that the dispute involved the interpretation of a policy provision, specifically the provision of the Rice Special Provisions set forth above, and that she intended to seek an interpretation of the provision from FCIC in accordance with Section 20(a)(1) of the Basic Provisions.

20.     On October 15, 2014, RCIS and the Plaintiffs submitted competing requests for an interpretation of the Rice Special Provisions, a copy of which is attached hereto as Exhibit "C".

21. RCIS asserted that the Rice Special Provisions meant that "a producer must, not later than immediately following seeding of the fields, construct the entire levee system for all of the fields including preparation and installation of levee gates throughout all fields." RCIS acknowledged that the Rice Special Provisions do not expressly state that the requirement for levee construction meant construction of the entire levee system, but that it was RCIS's position that the existence of permanent perimeter levees did not satisfy the requirement for construction of levees and installation of levee gates so as to make the acreage insurable.

22. Plaintiffs asserted that the Rice Special Provisions "only require that such levees, levee gates, and irrigation pumps as are required to enable the producer to put sufficient water on the field in the event it is needed for the purposes of germination or the elimination of soil crusting be in place immediately following seeding." Plaintiffs asserted that the purpose of the Rice Special Provisions was to enhance program integrity concerns by ensuring losses were not paid to producers that did not have the means to flush the acreage if necessary to obtain an adequate stand of rice and that Plaintiffs' interpretation was consistent with the purpose of the Rice Special Provisions.

23. On December 17, 2014, RMA issued FCIC's interpretation of the Rice Special Provisions in which it adopted RCIS's interpretation, (the "FCIC Interpretation"). A copy of the FCIC interpretation is attached hereto as Exhibit "D".

24. Upon receipt and review of the FCIC Interpretation, Plaintiffs determined that FCIC exceeded its statutory and regulatory authority to issue what purports to be a binding interpretation in the pending arbitration proceeding. FCIC claimed to have issued the FCIC Interpretation under the authority provided in RMA Managers Bulletin No. MGR-05-018. MGR-05-018 grants RMA and FCIC the authority to issue interpretations of "procedure", which

is defined to mean "procedural handbooks or manuals, or memoranda or bulletins that contain procedure." On January 7, 2015, Plaintiffs sought an administrative review of the FCIC Interpretation pursuant to 7 C.F.R. §400.93. Plaintiffs asserted that there are two (2) sources of authority for RMA and FCIC to issue binding interpretations of provisions of policies and procedures and that neither gave RMA or FCIC the authority to issue a binding interpretation of the Rice Special Provisions.

25. On February 2, 2015, RMA affirmed the FCIC Interpretation. A copy of the February 2, 2015, determination is attached hereto as Exhibit "E", (the "Administrative Review Determination").

26. On February 5, 2015, Plaintiffs timely appealed the FCIC Determination and the Administrative Review Determination to the National Appeals Division ("NAD") of USDA. By letter dated March 12, 2015, Defendant USDA's National Appeals Division, by and through its Deputy Director James T. Murray, determined that the interpretations made by Defendant RMA were matters of general applicability and, therefore, were not subject to further administrative review within USDA's National Appeals Division. Such determination was a final administrative determination.

27. As a general matter, an agency's interpretation of a written contract is subject to *de novo* review as the interpretation of a contract is a legal question that falls within the core competency of the courts.

28. The FCIC Determination and the Administrative Review Determination amount to an arbitrary and capricious denial of Plaintiffs' protections under the Federal Crop Insurance Act and the rules and regulations promulgated thereunder, and are not in accordance with the law.

29.  The FCIC Determination and the Administrative Review Determination further amount to an abuse of discretion and are unwarranted by the facts to the extent the facts are subject to a trial *de novo* by the reviewing Court.

## CLAIM I
## DECLARATORY JUDGMENT

30.  Plaintiffs repeat and incorporate herein each and every allegation contained in the paragraphs hereinabove as if fully set forth word for word.

31.  The FCIC Determination constitutes an agency's interpretation of a written contract and is, therefore, subject to *de novo* review as the interpretation of a contract is a legal question that falls within the core competency of the courts.

32.  In construing contracts entered into pursuant to the Federal Crop Insurance Act, state law applies except when the contract provides that state law does not apply or when the state law conflicts with the provisions of the contract.

33.  Section 31 of the Basic Provisions provides "if the provisions of this policy conflict with statutes of the State or locality in which the policy is issued, the policy provisions will prevail. State and local laws and regulations in conflict with federal statutes, this policy, and the applicable regulations do not apply to this policy." See Exhibit A.

34.  The policy does not preempt the application of the law of the State of Missouri with respect to the interpretation of the meaning of insurance policies.

35.  Under Missouri law, an ambiguity arises when there is uncertainty in the meaning of words used in the contract or if the language in the contract is reasonably open to different constructions.

36.  Finally, under Missouri law where provisions of an insurance policy are ambiguous, they are to be construed against the insurer.

37. In the present case, Plaintiffs assert that the provisions of the Special Provision are clear and unambiguous and require only that the levees required to permit the producer to flush the rice field if necessary to provide adequate moisture for germination or to prevent soil crusting be in place immediately following seeding and that the FCIC Determination that the entire levee system must be constructed is arbitrary and capricious and contrary to law.

38. In the alternative, Plaintiffs assert that the Special Provisions are reasonably open to different constructions and, as such, are ambiguous under Missouri law and must, therefore, be construed against the insurer resulting in the Plaintiffs' interpretation being the proper and controlling interpretation as a matter of law.

39. The FCIC Determination was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law; was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; was without observance of procedure required by law.

40. As such, this Court, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706 *et seq.*, should declare that the FCIC Determination is arbitrary and capricious and contrary to law and should be set aside as the Plaintiffs' 2012 rice crops satisfied the condition of insurability set forth in the Special Provisions as a matter of law and grant Plaintiffs declaratory and other relief from such action as authorized by 5 U.S.C. § 703.

### CLAIM II
### DECLARATORY JUDGMENT

41. Plaintiffs repeat and incorporate herein each and every allegation contained in the paragraphs hereinabove as if fully set forth word for word.

42. The Administrative Review Determination was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law; was in excess of statutory jurisdiction,

authority, or limitations, or short of statutory right; was without observance of procedure required by law.

43. Defendant FCIC, through Defendant RMA, is only authorized under applicable law to issue interpretations that are binding on the arbitrator in disputes between farmers such as the Plaintiffs and approved insurance providers when the interpretation involves a provision of the Federal Crop Insurance Act or the regulations promulgated pursuant to the Federal Crop Insurance Act as published in the Federal Register or when the interpretation involves "procedure" as defined in RMA Managers Bulletin No. MGR-05-018.

44. In issuing the FCIC Interpretation, the Defendants have purported to issue a binding interpretation of the Special Provisions. The Special Provisions are not part of the Federal Crop Insurance Act nor were the Special Provisions ever published in the Federal Register. In addition, the FCIC Interpretation is not an interpretation of procedure authorized by MGR-05-018.

45. As such, this Court, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706 *et seq.*, should declare that the FCIC Determination is arbitrary and capricious, contrary to law, and in excess of statutory authority and should be set aside and grant Plaintiffs declaratory and other relief from such action as authorized by 5 U.S.C. § 703.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

(a) That the Court declare that FCIC Determination that the entire levee system must be in place immediately following seeding was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; was in excess of statutory jurisdiction, authority, or

limitations, or short of statutory right; was without observance of procedure required by law; and was unwarranted by the facts, in violation of 5 U.S.C. §706;

(b) That the Court declare that the Plaintiffs' rice acreage satisfied the requirements for insurability under the Special Provisions if such levees, levee gates, and irrigation pumps as are required to enable the producer to put sufficient water on the field in the event it is needed for the purposes of germination or the elimination of soil crusting be in place immediately following seeding;

(c) That the Court declare that Defendant FCIC and Defendant RMA lacked the statutory authority to issue a binding interpretation of the Special Provisions under Federal law and that the FCIC Determination and the Administrative Review Determination be set aside as the determinations were in excess of the statutory authority to the Defendants;

(d) That the Court declare that the FCIC Interpretation is not binding on the arbitrator in the pending arbitration as the Agency Defendants lacked the authority to issue a binding interpretation of the Rice Special Provisions; and

(e) That the Court remand this case to Defendants with instructions that Defendants take such further action as is consistent with the ruling and judgment of this Court;

(f) That the Court find that Defendants' administrative determinations and Defendants' other conduct alleged herein, were not substantially justified, and grant Plaintiffs their reasonable attorneys' fees pursuant to the provisions of the Equal Access to Justice Act, 5 U.S.C. §504, et seq.;

(g) That the Court grant Plaintiffs the costs of suit herein; and

(h) That the Court grant Plaintiffs such further and other relief as the Court deems appropriate.

Respectfully submitted,

**BEHR, MCCARTER & POTTER, P.C.**
Brandon A. DeWitt, Bar No. 62076MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, Missouri  63105
Phone: (314) 862-3800

Attorneys for Plaintiffs


By: /s/ Brandon A. DeWitt
      Brandon A. DeWitt
      Bar No. 62076MO

and

**RAMSAY, BRIDGFORTH ROBINSON AND RALEY LLP**
William C. Bridgforth; Ark. Bar No. 64005
David R. Bridgforth; Ark. Bar No. 91136
Post Office Box 8509
Pine Bluff, Arkansas  71611
Phone: (870) 535-9000

Attorneys for Plaintiffs


By: /s/ David R. Bridgforth
      David R. Bridgforth
      Ark. Bar No. 91136