

FEB 0 6 2015

**United States
Department of
Agriculture**

**Farm and Foreign
Agricultural
Services**

**Risk
Management
Agency**

**Beacon Facility
Mail Stop 0801
P.O. Box 419205
Kansas City,
MO  64141-6205**

February 2, 2015

William C. Bridgforth
Ramsay, Bridgforth, Robinson and Raley LLP
P.O. Box 8509
Pine Bluff, AR 71611

**Subject:**     Request for Reconsideration of Federal Crop Insurance Corporation (FCIC)
Interpretation – Rice Special Provisions (SP) for the 2012 and succeeding
crop years in Stoddard County, MO

Dear Mr. Bridgforth:

Thank you for your January 7, 2015, request for reconsideration of the FCIC December 17,
2014, written interpretation of the Rice SP for the 2012 and succeeding crop years in
Stoddard County, MO.  Your request for reconsideration is in accordance with 7 CFR, Part
400, Subpart J and section 5 of Manager's Bulletin No. MGR-05-018, dated October 7,
2005.

You assert FCIC lacks the authority to issue an interpretation as to the meaning of a
specific policy provision contained in the Rice Special Provisions.  You also state that
MGR-05-018 sets forth the procedure for settlement of disputes between approved
insurance providers (AIPs) and insureds when there is a dispute involving an interpretation
of procedure.

After careful review of your request for reconsideration, we affirm our December 17, 2014,
written interpretation based on the following:

Section 20(a)(1)(i) of the Common Crop Insurance Policy Basic Provisions (Basic
Provisions) (7 C.F.R. § 457.8) states:

20.   **Mediation, Arbitration, Appeal, Reconsideration, and Administrative and
      Judicial Review.**
      (a)   If you and we fail to agree on any determination made by us except those
            specified in section 20(d) or (e), the disagreement may be resolved through
            mediation in accordance with section 20(g).  If resolution cannot be reached
            through mediation, or you and we do not agree to mediation, the
            disagreement must be resolved through arbitration in accordance with the
            rules of the American Arbitration Association (AAA), except as provided in
            sections 20(c) and (f), and unless rules are established by FCIC for this
            purpose.  Any mediator or arbitrator with a familial, financial or other
            business relationship to you or us, or our agent or loss adjuster, is
            disqualified from hearing the dispute.
      (1)   All disputes involving determinations made by us, except those
            specified in section 20(d) or (e), are subject to mediation or arbitration.
            **However, if the dispute in any way involves a policy or procedure**



EXHIBIT

E

**interpretation**, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.

(i)     Any interpretation by FCIC will be binding in any mediation or arbitration.

\*\*\*\*\*

(Emphasis added).

The Rice Special Provisions are part of the policy in accordance with the definition of "policy" contained in section 1 of the Basic Provisions. Therefore, any dispute of a policy provision, which includes the Special Provisions, requires an interpretation from FCIC in accordance with section 20(a)(1)(i) of the Basic Provisions. Therefore, FCIC not only has the authority but also the obligation to issue an interpretation of the Special Provisions when it becomes an issue in a dispute.

Section 20(a)(i) references 7 C.F.R. part 400, Subpart X and any other procedures established by FCIC. Such procedures include Manager's Bulletin, MGR-05-018. While nothing is expressly stated in MGR-05-018 that it applies to policy provisions that are uncodified, there is nothing to legally preclude RMA from using the process contained therein to provide an interpretation that is required by the policy. Legally, RMA must provide an interpretation whenever a policy provision is in dispute and the form of that interpretation does not override the substance of the requirement to issue such interpretation. Such interpretation can be in writing or oral and take any form. Therefore, a reference to MGR-05-018 is immaterial to the interpretation.

FCIC has historically used MGR-05-018 to provide interpretations of pilot programs and other provisions not codified in the regulations. Attached is an interpretation FCIC issued regarding the Florida Fruit Tree Pilot Crop Insurance Provisions. The attached interpretation states that since no procedures exist for interpretation of pilot policy provisions, RMA will consider the interpretation involving the Florida Fruit Tree Pilot Crop Provisions under MGR-05-018.

Lastly, failure to obtain the required interpretation from FCIC, or if an arbitrator disregards an interpretation provided by FCIC, nullifies the award. Any interpretation provided by FCIC regarding a policy provision will be binding in any mediation or arbitration.

Sincerely,

Tim B. Witt
Deputy Administrator, Product Management